H. W. HUMPHREY et al. v. BOARD OF TRUSTEES OF FRONT STREET METHODIST EPISCOPAL CHURCH, SOUTH.

*Cemeteries—Police Regulation—Municipal Corporations and Ordinances.*

1. The right acquired by any person, under a deed or contract, to bury dead bodies in any particular spot, or to erect and maintain vaults for that purpose, whether construed as an easement or license, is

subject to the police power of the government, in the exercise of which, not only future interments may be prohibited, but the remains of persons theretofore buried may be removed.

2. This power of police regulation may be delegated by the Legislature to municipal corporations, and enforced by appropriate ordinances.

CIIVIL ACTION, tried at Spring Term, 1890, of NEW HANO-VER Superior Court, before *Graves, J.,* for damages for removal of remains from a burial vault.

The plaintiff proposed these issues—

1. Did ancestors of plaintiffs purchase from the defendant corporation the vault described in the pleadings?

2. Did the defendant corporation convey by deed to the ancestors of plaintiffs the property described in the pleadings?

3. How long have the plaintiffs, and those under whom the plaintiffs claim, been in the possession of said vault and the land on which it was built, and used the same as a place of interment?

4. Has such use given to the plaintiffs an easement in the lands of defendant corporation over which said vault was constructed?

5. Did the defendant corporation, by its agents, enter upon and tear down said vault, against the will of the plaintiffs, and without a license from the plaintiffs?

The defendant, before the issues were settled, admitted that the plaintiffs were the heirs at law of Bryan L. Koonce; that defendant was a corporation, and that by its proper officers it had executed a paper-writing which had been duly registered in 1854, whereby it acknowledged the receipt of one hundred dollars from Bryan L. Koonce and his heirs, in full payment for one vault constructed in the burying-ground back of the brick church on the corner of Front and Walnut streets in the town of Wilmington, and numbered 21, "the said Bryan L. Koonce, his heirs, administrators and assigns to have full and exclusive right to inter in said vault as long as it should be used for the purpose of interment, and have

free and perpetual privilege of entering upon the church land for that purpose."

The Court, being of opinion that an easement was granted to Bryan L. Koonce, which descended to plaintiffs, his admitted heirs, and that there was no necessity for the first, second, third and fourth issues proposed by the plaintiffs, settled these issues—

1. Did the defendant corporation by its agents or servants wrongfully tear down and destroy said vault?

2. What amount of damages have plaintiffs sustained thereby?

And plaintiffs excepted.

The plaintiff offered in evidence the will of Bryan L. Koonce and deed of the corporation, which defendant admitted.

There was evidence offered by plaintiffs tending to show that the corporation desired to erect a church building at some other point in the city of Wilmington, and to change the burying-ground, and with that purpose agents of defendants were requested to treat with plaintiffs for the cession of their rights of property in said vault; that Bryan L. Koonce was buried in that vault; that the other vaults had been removed and the remains interred in them removed by the defendant or friends of the deceased; that the remains of Bryan L. Koonce were removed without the consent of plaintiffs, and against their will, and that the vault had been torn down without their consent. The defendant admitted that the vault had been opened and the remains of the deceased Bryan L. Koonce had been removed, but offered evidence tending to show that the vault had been opened and the remains removed with the consent of plaintiffs.

The defendants offered in evidence the Act of General Assembly in relation to the town of Wilmington, 1854–'55 (charter), and the ordinances of the city of Wilmington (14), June 11, 1858, and April, 1861, prohibiting interments within

certain bounds, and there was testimony to show that the
vault was inside the boundary named in the ordinances in
which interments were prohibited.

The plaintiffs asked the Court to instruct the jury "that
if the plaintiffs removed said remains from the said vault
involuntarily, the plaintiffs are entitled to recover."

This was refused, and plaintiffs excepted.

The plaintiffs asked the Court to further instruct the jury,
that if the plaintiffs removed said remains from said vault,
influenced by the promises or threats of the defendants in
making such said removal, the plaintiffs are entitled to
recover, and this was refused, and the plaintiffs excepted.

The Court instructed the jury:

"The deed or paper-writing made by the defendants to
Bryan L. Koonce and his heirs is sufficient in form, and
passed by grant *an easement* to use the land described, a
vault for burial, which descended to his heirs the plaintiffs.
That easement became an *inherent* right which the defend-
ant was bound to recognize. But, although the grant was
an executed contract, the right of the public is superior to
the right of any private person, and where there arises a
public necessity for it on account of public convenience, or
to protect public health, the law allows private rights to be
subjected to such restrictions as are for the common good, so
that if the acts read, purporting to be acts of the General
Assembly, were really passed and became law, they conferred
power on the proper authorities of the city of Wilmington
to pass ordinances to regulate the burial of the dead in the
city, and if you find that the ordinances offered in evidence
have been adopted by the proper authority, and if you find
that the vault described in this action was in the boundaries
in which burials were prohibited, then the plaintiffs had no
right to use the vault as a place of further burial, but they
did have the right to continue to enjoy the easement so far

as to have the bodies which had been deposited there to remain unmolested.

The plaintiffs, then, are entitled to recover if the defendant broke down the vault or removed the remains of Bryan L. Koonce by its agents or officers wrongfully, and if the defendants removed the remains or broke down the vault and removed it without the consent of the plaintiffs, such removal of the remains or breaking down or removing the vault was wrongful, and the plaintiffs would be entitled to recover. If the remains of Bryan L. Koonce were removed with consent of plaintiffs, then such removing the remains was not wrongful, and plaintiffs could not recover for that, or if the vault was opened by plaintiffs' consent, such act was not wrongful as to defendant, and plaintiffs could not recover for that. If defendant wrongfully removed remains in vault, your answer to first issue should be Yes, but if the vault or remains were removed with plaintiffs' consent, your answer should be No. If you answer first issue No, it is not necessary to pass on the question of owner."

The jury responded to the first issue, "No;" and to the second, "None." There was a motion for a new trial, which was overruled, and the plaintiffs appealed to the Supreme Court from the rulings and judgment, and assigned as error—

1. The verdict is against the weight of the evidence, and is contrary to the justice and equity of the cause.

2. The legal effect and consequence of the verdict of the jury would be to deprive the plaintiffs of a vested right created by deed, which can only be done by a deed from them, or by a release in writing, and this being a grant by a corporation of a freehold interest in the nature of an easement, and being made by deed, cannot be revoked, nor extinguished, nor conveyed in any other way than by a deed, or by a voluntary abandonment for such a length of time as would raise the presumption of a grant.

3. The grant of an easement for an indefinite period amounts in law to the grant of a freehold interest, and a deed is necessary for creating or conferring an easement if the interest is freehold, and such interest cannot be conveyed in any way but by a deed, nor extinguished in any way but by non-user for such a length of time as would raise the presumption of a grant.

No counsel for plaintiffs.
*Messrs. S. C. Weill* and *E. S. Martin*, for defendant.

CLARK, J.—after stating the case, proceeded : There is no just ground for the exception to the issues.   It is settled by repeated decisions of this Court that, while the issues must arise upon the pleadings, the trial Judge may, in his discretion, submit either one or many, subject only to the restriction that sufficient facts shall be found to enable the Court to proceed to judgment, and that neither party shall be denied the opportunity to present any view of the law arising upon the evidence through the medium of pertinent instructions.   *McAdoo* v. *Railroad,* 105 N. C., 140 ; *Denmark* v. *Railroad,* 107 N. C., 187 ; *Leach* v. *Linde,* 108 N. C., 547.

The issues submitted were in compliance with these requirements, especially after the admissions made by the defendant.   The fewer the issues, if sufficient to develop the case, the better, as a jury may be confused by a multiplicity of issues.

The two prayers for instructions were, properly, not given, as they were not applicable to any evidence sent up, nor to any issue, either those asked by plaintiffs or those submitted, and the Court was not called upon to charge as to abstract propositions of law.   While there was conflicting evidence whether the remains of Bryan L. Koonce were removed with the consent of the plaintiffs, there appears no evidence that the plaintiffs removed them involuntarily or induced by threats or promises.   It seems, from the evidence,

that the remains were removed by the defendant, and the finding of the jury, construed in connection with the charge, was, that such removal and the incidental damage to the vault were, with the consent of the plaintiffs, for the Court told the jury, "if the vault or remains were removed with plaintiffs' consent, to answer the first issue, No; but if defendant wrongfully removed the remains, to respond Yes to such issue." The jury responded to the issue "No."

Whether plaintiff had an easement, or a mere license (as was held in Kincaid's Appeal, 66 Pa., 411), it is subject to the police power of the State, which, by Act of Assembly, has authorized the ordinance of the city forbidding interments at that spot. This is an inherent power in the State, and is very generally exercised with the growth of towns, by forbidding further interments within city limits after a given date; otherwise, a burial-ground, which, in the infancy of a town, may be outside the limits, might continue a place of interment, to the nuisance of the city, after the cemetery has become the central point of population, and surrounded on all sides by dwellings and places of business. *Pres. Church* v. *New York*, 5 Cowen, 538; *Woodlawn* v. *Everett*, 118 Mass, 354; *City Council* v. *Church*, 5 Strob. (S. C.), 306; *Coates* v. *New York*, 7 Cowen, 585, Cooley Const. Lim., 595; and the legislative discretion even extends to the power to authorize the removal of bodies already interred. 5 Am. Rep., 377; *Richards* v. *Church*, 32 Barb., 42; *Page* v. *Symonds*, 63 N. H. 17; 3 Lawson Rights and Rem., § 1343; 3 Am. & Eng. Enc., 53, and numerous cases there cited; though usually, as in this case, the Legislature restricts the authority conferred to the prohibition of future interments. Besides, the conveyance under which the easement is claimed only grants "the right to inter in said vault so long as it shall be used for the purpose of interment." By virtue of the burning of the church and its subsequent removal to another lot, as well as by the city ordinance forbidding interments within city

limits, the lot in question has ceased to be used for interments, and if an easement was granted it has ceased, certainly as to future interments, by its own terms.    There is no question arising, therefore, whether an easement could be surrendered or extinguished otherwise than by deed.    The gravamen, however, of plaintiffs' action is as to the removal of the remains of the plaintiffs' ancestor, heretofore interred.    As to that, the jury has found that such removal was with plaintiffs' consent.    They have, therefore, no ground of complaint in that respect.

As to the first error assigned as ground for a new trial, "that the verdict was against the weight of the evidence," that was a matter with the Judge below, and not reviewable. *Whitehurst* v. *Pettipher,* 105 N. C., 40; *High* v. *Bailey,* 107 N. C., 70; *Redmond* v. *Stepp,* 100 N. C., 212; *McKinnon* v. *Morrison,* 104 N. C., 354.

No error.