STATE ex rel. CITY OF ST. PAUL v. DISTRICT COURT OF RAMSEY COUNTY and Another.[1]

May 12, 1911.

Nos. 16,760—(43).

**Street across cemetery.**

The statute (R. L. 1905, § 2946), providing that no road or street

[1] Reported in 131 N. W. 327.

can be laid out through the cemetery of a cemetery association, or through any part of the lands of such association, *held* to prevent extending a street across land of such an association acquired and held for future use for cemetery purposes.

### Regulation of cemeteries — city of St. Paul.

The common council of the city of St. Paul, under the charter of such city, has power to regulate the burial of the dead within the city limits, and this power includes the power to prevent the establishment of cemeteries and the enlargement of existing cemeteries.

### City ordinance valid.

The ordinance of said city in question in this case *held* valid, but construed as forbidding the use of land for the burial of the dead without the consent of the city, and not as preventing the acquisition and holding of land for cemetery purposes.

### Findings sustained by evidence.

The findings of the trial court that the land acquired by respondent was acquired for cemetery purposes, and was necessary for and appropriated to such purposes, are sustained by the evidence.

### Platted land.

It is not necessary for the appropriation of land to cemetery purposes that it should be platted.

From an order of the board of public works of the city of St. Paul confirming the condemnation of land belonging to Oakland Cemetery Association for an extension of Cook street in that city, the association appealed to the district court for Ramsey county. The appeal was heard by Kelly, J., who made findings and set aside the condemnation proceedings. Thereupon the city of St. Paul obtained from this court a writ of certiorari directed to the district court for Ramsey county and Hon. William Louis Kelly. Affirmed.

*J. C. Michael, Louis R. Frankel,* and *O. H. O'Neill,* for petitioner.

*Lightner & Young,* for respondents.

Bunn, J.

In 1908 the city of St. Paul, acting under its charter, initiated assessment and condemnation proceedings for the "opening, widening, and extending of Cook street, from Cortland street to a point

one hundred twenty (120) feet west of the west line of Abell street, in said city." The property condemned was a strip of land forty-four feet wide extending east and west across a tract of land belonging to the Oakland Cemetery, Association. The cemetery association appeared and opposed the opening, but the board of public works of St. Paul made an order opening the street. The cemetery association appealed to the district court of Ramsey county, and that court rendered judgment in its favor, dismissing the proceedings on the ground that the city had no jurisdiction to open or extend Cook street across the tract in question. The case comes to this court for review on a writ of certiorari.

Oakland Cemetery Association was organized in 1853, and has ever since been a public cemetery association. Prior to 1904 the cemetery consisted of eighty acres, a rectangular tract twice as long as it was wide, running north and south. On the north of this tract, and adjoining the easterly half of the north line thereof, was a tract of five acres that had long been used as a cemetery, known as Zion Lutheran Cemetery. In 1904 respondent acquired this tract, and has since used it as a part of its cemetery. About the same time respondent acquired a five-acre tract directly north of and adjoining the last tract. Since then respondent has fenced and graded this tract, but has never actually used it for burials, though it is necessary to and it intends to do so. It is this last tract that the city proposes to extend Cook street across. The cemetery association has also acquired ten acres directly west of the five-acre tract above mentioned, thus making their entire property a rectangular tract of one hundred acres.

It is contended by the respondent that the city had no jurisdiction to lay a street through its cemetery, or any part of its land, without the consent of its trustees. This contention is based upon R. L. 1905, § 2946, which is substantially the same as the statute law on the subject that has been in force since 1851. This section reads as follows:

"The lands and property of any such cemetery association shall be exempt from all public taxes and assessments, and shall not be sold on execution against such association or any lot owner. The

114 M.—19.

owners of cemetery lots, their heirs or legal representatives, may hold the same so exempt so long as they remain appropriated to the use of a cemetery; and no road or street shall be laid through such cemetery, or any part of the lands of such association, without the consent of the trustees."

It is clear that this contention must be upheld, unless we accept petitioner's view that an ordinance of St. Paul adopted in May, 1896, should be construed so as to make respondent's acquisition and holding as cemetery lands of the tract over which it is proposed to extend Cook street illegal. This ordinance, as far as material, is as follows:

"Section 1. That hereafter no cemetery or place for the burial of the dead shall be established or set apart, nor shall any existing cemeteries be enlarged, without permission and authority of the common council of the city of St. Paul.

"Sec. 2. No interment of the dead body of any human being, or disposition thereof, shall be made in any tomb, vault or cemetery or place within the city of St. Paul, or within the enlargement of any cemetery, until such tomb, vault, cemetery or place, or the enlargement thereof, shall be set apart and devoted to such purpose by and with the consent of the common council of the city of St. Paul."

Under the statute no street can be laid out through the cemetery of the association, or "any part of the lands of such association." The legislature made exempt from taxation, and from roads and streets, not only the cemetery land actually used for the burial of the dead, but other lands of the association which it was authorized by law to acquire and hold for future use, though not actually in use at the time for burials. State v. Lakewood Cemetery Assn., 93 Minn. 191, 101 N. W. 161. The policy of the state has always been to protect public cemeteries against encroachment. They are corporations of a public character, with a sacred trust. Exemption from the burdens of taxation, assessments, and having roads or streets cut through their lands is not to aid the associations or their trustees, but is to preserve cemeteries for the particular uses to which they have been appropriated, and to guard against the dis-

turbance of the resting places of the dead. The law should be construed liberally. State v. City of St. Paul, 36 Minn. 529, 32 N. W. 781; Wolford v. Crystal Lake Cemetery Assn. 54 Minn. 440, 56 N. W. 56; Brown v. Maplewood Cemetery Assn., 85 Minn. 498, 89 N. W. 872.

Does the ordinance have the effect of nullifying the exemptions provided by law? In other words, does it operate to make illegal the acquisition and holding of land by a public cemetery association, until the consent of the council is secured?

We have no doubt of the power of the city to regulate the burial of the dead, to prevent the establishment of cemeteries within the city limits, or to prevent the extension or enlargement of cemeteries already existing. The ordinance is within the powers granted by the city charter, and cannot be questioned on the ground of its unreasonableness. 6 Cyc. 708; City v. Wentworth, 4 Strob. (S. C.) 306; Coates v. Mayor, 7 Cow. (N. Y.) 585; Brick Presbyterian Church v. New York, 5 Cow. (N. Y.) 538; People v. Pratt, 129 N. Y. 68, 29 N. E. 7; Humphrey v. Board, 109 N. C. 132, 13 S. E. 793; Wygant v. McLauchlan, 39 Ore. 429, 64 Pac. 867, 54 L.R.A. 636, 87 Am. St. 673.

Conceding the power of the council to pass the ordinance, and its reasonableness, the question is how it should be construed—what the intention of the council was, as derived from the language of the ordinance, construed in the light of the existing laws and the subject-matter. Section 1 of the ordinance says that no cemetery shall be established or set apart, nor any existing cemetery enlarged, without the permission of the common council. Section 2 provides that no interment shall be made in any cemetery, or within the enlargement of any cemetery, until such cemetery, or the enlargement thereof, shall be set apart and devoted to such purpose with the consent of the common council.

The power of the respondent to acquire lands for cemetery purposes is not questioned. It cannot be claimed that the ordinance has the effect of making its holding of the tract across which the street is sought to be laid ultra vires. It has no right to use that tract for burials until the permission of the council is secured. We

think it a fair construction of the ordinance to hold that it was not intended to forbid the acquisition and holding of lands for cemetery purposes, but only the use of such lands for the burial of the dead, until the permission was secured. Section 2 of the ordinance seems to show that the intent was to forbid interments in any cemetery, or in any enlargement thereof, rather than to forbid the acquisition or holding of lands for cemetery purposes. The statute contemplates that a cemetery association may own lands that are not actually used for burials, and we decide that the ordinance should not be construed to make the consent of the common council a prerequisite to the purchase and holding by a cemetery association of additional lands for cemetery purposes. It is not to be assumed that consent to the use of the land for interments cannot be secured. Should such consent be obtained in the future, and the land be actually occupied by graves, it would be in direct violation of the spirit and letter of the statute to have a street across it.

This construction of the ordinance is certainly in accord with the public interest, as we see it from the record. It appears conclusively that the respondent has urgent need for the added land, and it fairly appears that there is no need for the street.

The admission in evidence of a plat of the tract is assigned as error, as is the court's finding that the trustees of the association have caused a map of the land to be recorded as required by law. It is not necessary to consider the correctness of the trial court's ruling and finding in these regards, as clearly, if error, it was without prejudice. The evidence showed conclusively that the land was acquired for and is necessary for cemetery purposes. It was not necessary for its appropriation to cemetery purposes that the land should be platted. State v. Lakewood Cemetery Assn., supra.

We conclude that the trial court ruled correctly that the city had no jurisdiction to extend the proposed street across respondent's lands.

Judgment affirmed.