L. S. DANIELS AND L. W. COX v. SOUTHERN DISTRIBUTING COMPANY.

(Filed 10 September, 1919.)

**1. Vendor and Purchaser—Sample—Carriers of Freight—Destroyed Shipment—Damages.**

Where a consignee refuses a shipment because it did not come up to the samples by which it had. been sold, and there is evidence that the consignor instructed him to ship it back if it did not, and it was destroyed while being retransported: *Held,* the consignor may recover the value of the destroyed shipment if it was in accordance with the sample, apart from the agreement, and a request for special instruction, that if the jury believed the evidence the plaintiff waived his right to recover by consenting to its return, is properly refused.

**2. Appeal and Error—Issues.**

It is not error for the court to submit issues tendered by a party to the action if the issues submitted have presented every phrase of the controversy. .

APPEAL by defendant from *Devin, J.,* at December Term, 1919, of PASQUOTANK.

Early in 1918 Daniels & Cox, millers, at Elizabeth City, N. C., made a contract with Southern Distributing Company of Norfolk, Va., for the sale of five hundred bags of meal, to be shipped in 100-bag lots, to be delivered f. o. b. steamer, Elizabeth City. On 9 March, plaintiffs shipped defendant 100 bags meal via "Peoples Line." There were other shipments, but they are not concerned in this appeal. Upon receipt of the first shipment defendant declined to receive it on the ground that it did not come up to the contract, and L. S. Daniels, of plaintiff's firm, instructed C. E. Herbert, president of defendant, to ship the meal back, which he did. The steamer *Annie,* on which the meal was returned, was completely destroyed by an explosion a few hours after reaching Elizabeth City, and the meal was lost. Plaintiffs sue for the recovery of the value of the lost meal.

Verdict and judgment for plaintiffs. Appeal by defendant.

*Aydlett, Simpson & Sawyer for plaintiffs.*
*W. A. Worth for defendant.*

CLARK, C. J. The meal was sold by sample and when the first shipment (which alone is in controversy here) was received the defendant wired plaintiffs that it was not according to sample. The plaintiffs contended that it was as represented, but wrote the defendant that "if it was not up to sample the defendant might ship it back and the plaintiffs would pay the freight." The meal was not shipped back till 4 April.

The defendant had the right without plaintiff's consent to ship it back if it did not come up to sample, but not otherwise, and in that event should have done so promptly.

Mr. Herbert, president of the defendant and witness for the company, in his cross-examination stated, "In my wire to Mr. Daniels I told him that the meal did not come up to the contract, and he said that if it did not, to ship it back." There was a conflict of evidence whether the meal came up to the sample or not, but the jury find upon the issues submitted that this meal "in quality and fineness was as good as the sample," and that the plaintiffs did not by consenting to its return waive their right to recover therefor, and that the defendant did not reship to plaintiffs in a reasonable time.

The legal right of the defendant to reship depended upon whether the meal came up to the sample. The defendant's testimony is that the plaintiffs consented that it should be reshipped "if it did not." The jury having found upon the conflicting evidence that the meal did come up to the sample, the reshipment was made by the defendant in its own wrong, and the plaintiffs, not having received and accepted the same, are entitled to recover the purchase price.

The defendant's prayer, therefore, that if the jury should "believe all the evidence they should respond to the second issue that the plaintiffs, by consenting to the return of the first hundred bags of meal, waived their right to recover therefor," could not be given in view of the testimony of the defendant's president that the plaintiffs had directed him to ship it back "if it did not come up to the sample." It is immaterial to consider the controversy whether the defendant lost the right to reship by its delay.

The "issues submitted were sufficient to present every phase of the controversy," and it was not error to refuse to submit the issues tendered by the defendant. *Humphrey v. Church,* 109 N. C., 132, and cases therein cited and citations thereto in Anno. Ed.

No error.