STATE EX REL. OAK HILL CEMETERY ASSOCIATION AND
ANOTHER v. F. E. HARRINGTON AND OTHERS.[1]

May 28, 1926.

No. 25,349.

**City ordinance respecting interments in new cemetery valid.**

 1. The city council of the city of Minneapolis had authority to
enact the ordinance forbidding the issuance of a permit for the inter-
ment of a body in a cemetery in which there had theretofore been no
interments, until the city council had first given consent to the use
of such cemetery for the burial of the dead.

**Dismissal of writ of mandamus sustained.**

 2. Such ordinances having been enacted prior to the trial of this
case of mandamus to compel the board of public welfare to issue a
permit to inter a body in relator's cemetery, where there had been no
interments and to the use for burials the city council had not con-
sented, the court rightly directed the entry of a judgment of dismissal.

 Cemeteries, 11 C. J. p. 51 n. 25; p. 52 n. 30 New.
 Mandamus, 38 C. J. p. 743 n. 56.

 See note in 27 L. R. A. (N. S.) 260; 5 R. C. L. pp. 239, 240; 1 R. C. L.
  Supp. p. 1341.

 The district court for Hennepin county granted its alternative
writ of mandamus directed to officers of the city of Minneapolis,
commanding them to issue a permit for burial of a body in Oak Hill
Cemetery. The matter was heard by Baldwin, J., who dismissed the
action. Petitioners appealed. Affirmed.

 *Keyes, Pardee & Solether,* for appellants.
 *Neil M. Cronin,* City Attorney, for respondents.

HOLT, J.

 Mandamus to compel the commissioner of public health and the
board of public welfare of the city of Minneapolis to issue a permit

[1]Reported in 209 N. W. 6.

for the burial of a body in Oak Hill Cemetery. From a judgment of dismissal relators appeal. .

The Oak Hill Cemetery Association, duly incorporated as a public cemetery association under the laws of this state, owned 83 acres of land in the northeast corner of the city, which it surveyed and divided into burial lots, and on March 19, 1924, filed a map of such survey in the office of the register of deeds of Hennepin county for record, as required by G. S. 1923, § 7561. Thereafter the relator Merrick requested of respondents a permit to inter a body in a lot purchased in the cemetery thus platted. The request was refused and this action followed. Before the trial the city council of Minneapolis enacted an ordinance, approved November 21, 1924, the parts here pertinent reading:

"Sec. 1. That no new cemetery or place for burial of the dead shall be established or set apart within the City of Minneapolis and no existing cemetery shall be enlarged or extended without the consent of the city council.

"Sec. 2. That no permit shall be issued for the interment of any dead body except in a cemetery now existing or duly established according to the provisions of this ordinance."

There is no question of the power of the city council to enact the ordinance, for the charter grants the power to "regulate or prevent the burial of the dead within the city limits." Charter, c. 4, § 5.

Since July 2, 1897, there has been an ordinance in force providing in § 24 thereof: "No new cemetery, burying ground, vault, or tomb, for the reception and burial of dead human bodies, shall be established within said city or under the control of any organization within said city, without a permit so to do shall first have been granted by the Department of Health of said city." The board of public welfare is by law made the successor to the department of health. Section 24 is claimed by appellants to be invalid as delegating legislative power to a department. It will not be necessary to pass on that question, since we are of the opinion that, under the above quoted sections of the ordinance enacted before this case was tried, the judgment of dismissal herein was justified.

Although burial lots had been sold in the cemetery of relator, no body had been interred therein when the trial took place. Neither the purchase of land by a cemetery association, nor a survey and division of the same into burial lots, nor the filing for record of a map of such survey, nor a sale of lots therein for burial, is within the control of the city council. As to each and all of those matters a cemetery association proceeds under the statutes, but when it comes to the use of any grounds dedicated and set apart by it for actual interments, the city council's consent must be obtained, where as here there is an ordinance to that effect. A similar ordinance of the city of St. Paul, the statutory law being the same as now, was so construed in State v. District Court, 114 Minn. 287, 131 N. W. 327, Mr. Justice Bunn speaking for the court saying: "We think it a fair construction of the ordinance to hold that it was not intended to forbid the acquisition and holding of lands for cemetery purposes, but only the use of such lands for the burial of the dead, until the permission was secured." So here, when this ordinance was passed this cemetery had not been used for burial purposes. No body had been interred therein. It was not an existing cemetery in the sense of being in the same class with laid-out cemeteries wherein interments had been made. Section 2 provides "that no permit shall be issued for the interment of any dead body except in a cemetery now existing or duly established according to the provisions of this ordinance." When this is read in connection with section 1 wherein it is provided that no new cemetery shall be established within the city, nor an existing cemetery enlarged without the consent of the city council, the reasonable meaning must be that where in a tract of land, dedicated as a public cemetery by the filing of a map showing a survey and division thereof into burial lots, there has heretofore been no interment, no permit for interment shall be issued until consent of the city council be first obtained that such tract may be used for such purposes, and it matters not whether such tract be an addition to a public cemetery where burials have been going on for years, or a public cemetery established so far as compliance with the statutes is concerned, but where there was no interment prior to the adoption of the ordinance.

Entertaining this view of the meaning and effect of the ordinance we think the court, when the case was reached for trial, did not have the proper parties before it. The board of public welfare was forbidden by the ordinance to issue a permit, until the city council had consented to the use of this cemetery for burials. No application has so far been made to the city council. Relators may obtain their desire by applying to the proper authority. It is not to be presumed that the action of the city council will be other than proper in the premises. At any rate respondents are not the parties which by mandamus should be required to do a futile act. We think Dexner v. Houghton, 153 Minn. 284, 190 N. W. 179, is in point and with the authorities therein cited fully justified the court below in dismissing the case when it appeared that the ordinance mentioned had taken effect.

The judgment must be affirmed.