*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1140**

Angela K. Schreader,
Respondent,

vs.

DC & D Enterprises, LLC, d/b/a Above Summit Construction Services,
Appellant.

**Filed February 22, 2016
Reversed and remanded
Larkin, Judge**

Mille Lacs County District Court
File No. 48-CV-14-1031

Angela K. Schreader, Forest Lake, Minnesota (pro se respondent)

Ian Laurie, Laurie & Laurie P.A., St. Louis Park, Minnesota (for appellant)

Considered and decided by Larkin, Presiding Judge; Rodenberg, Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**LARKIN**, Judge

Appellant employer challenges the district court's imposition of a statutory penalty for unpaid wages under Minn. Stat. § 181.13(a) (2014). Because the penalty is based on

unpaid per diem payments and those payments are not wages within the meaning of the statute, we reverse and remand for an amended judgment.

## FACTS

In December 2013, appellant DC & D Enterprises LLC doing business as Above Summit Construction Services (Summit) hired respondent Angela Schreader as a construction manager with a yearly salary of $50,000. Summit ordinarily gave Schreader a $30 per diem payment for each day she was out of town for work.

On February 24, 2014, Summit terminated Schreader's employment. That day, Schreader e-mailed Summit that she had forgotten to add five days of per diem to her last time sheet. Schreader also requested payment for ten hours of paid time off (PTO) and to be paid her full wages up to the date of termination. On March 3, 2014, Schreader e-mailed Summit that she had received a check for her wages for February 16 through February 22, 2014, but that she had not received the five per diem payments or the ten hours of PTO. Schreader did not receive any additional payments from Summit.

Schreader sued Summit in conciliation court to recover the money she believed she was owed. The conciliation court awarded Schreader judgment of $390 and $75 in court fees. Schreader removed the case to district court for a trial de novo,[1] and the district court held a bench trial. The district court awarded Schreader judgment of $3,109.62, comprised of (1) $150 for unpaid per diem payments, (2) a 15-day wage penalty under Minn. Stat.

---

[1] "Any person aggrieved by an order for judgment entered in conciliation court after contested trial may remove the cause to district court for trial de novo (new trial)." Minn. R. Gen. Pract. 521(a).

2

§ 181.13(a) in the amount of $2,884.62, based on Summit's failure to make the per diem payments, and (3) $75 for court fees. The district court awarded the wage penalty based on its determination that "[p]er diem payments are considered wages under [section 181.13(a)]" such that their untimely payment triggers the statutory penalty.

Summit appeals the district court's imposition of the 15-day wage penalty under Minn. Stat. § 181.13(a).

## DECISION

We begin by identifying the issues that are properly before this court for review. Summit contends that the district court erred by ordering it to pay a wage penalty of $2,884.62 based on unpaid per diem payments.[2] Specifically, Summit challenges the district court's conclusion that per diem payments in this case are "wages" under Minn. Stat. § 181.13 such that the penalty under that statute applies. Summit argues that "[p]er diem resembles reimbursement or gratuity more than it does compensation for services, such that it should not be considered wages for the purposes of section 181.13."

Schreader responds that the per diem payments are "wages," relying on an IRS "Frequently Asked Questions" fact sheet regarding per diem payments. Schreader also raises additional issues, arguing that this court should increase the judgment to include $192.31 for work she performed on February 23 and 24, 2014, $192.31 for one day of PTO, and interest.

---

[2] Summit concedes that Schreader "is entitled to per diem totaling $150 plus filing fees."

3

Schreader's additional issues are not properly before this court because she did not file a notice of related appeal challenging the district court's judgment. *See City of Ramsey v. Holmberg*, 548 N.W.2d 302, 305 (Minn. App. 1996) ("Even if the judgment below is ultimately in its favor, a party must file a notice of review to challenge the district court's ruling on a particular issue."), *review denied* (Minn. Aug. 6, 1996). Alternatively, the district court did not consider and determine the issues. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) ("A reviewing court must generally consider only those issues that the record shows were presented and considered by the trial court in deciding the matter before it." (quotation omitted)). We therefore limit our review to the issue considered and determined by the district court and raised in Summit's appeal: whether the per diem payments in this case are "wages" within the meaning of Minn. Stat. § 181.13(a).

"Appellate review of a district court's construction of a statute, as well as of a statute's application to undisputed facts, is de novo." *City of Jordan v. Church of St. John Baptist of Jordan*, 764 N.W.2d 71, 73 (Minn. App. 2009). Minn. Stat. § 181.13(a) establishes a penalty for employers who fail to timely pay a discharged employee the employee's earned and unpaid wages after the employee makes written demand for payment. The statute provides that:

> When any employer employing labor within this state discharges an employee, the wages or commissions actually earned and unpaid at the time of the discharge are immediately due and payable upon demand of the employee. Wages are actually earned and unpaid if the employee was not paid for all time worked at the employee's regular rate of pay or at the rate required by law, including any applicable statute, regulation, rule, ordinance, government resolution or policy, contract, or other legal authority, whichever rate of pay is greater. If the

4

employee's earned wages and commissions are not paid within 24 hours after demand, whether the employment was by the day, hour, week, month, or piece or by commissions, the employer is in default. In addition to recovering the wages and commissions actually earned and unpaid, the discharged employee may charge and collect a penalty equal to the amount of the employee's average daily earnings at the employee's regular rate of pay or the rate required by law, whichever rate is greater, for each day up to 15 days, that the employer is in default, until full payment or other settlement, satisfactory to the discharged employee, is made.

Minn. Stat. § 181.13(a).

Minn. Stat. § 181.13 does not define "wages." Minn. Stat. § 181.13 (2014). "In the absence of a statutory definition, we generally turn to the plain, ordinary meaning of a statutory phrase." *State v. Leathers*, 799 N.W.2d 606, 609 (Minn. 2011). "In discerning the plain and ordinary meaning of a word or phrase . . . [appellate courts] consider the common dictionary definition of the word or phrase." *State v. Brown*, 792 N.W.2d 815, 822 (Minn. 2011); *see Goodman v. Best Buy, Inc.*, 777 N.W.2d 755, 759 n.2 (Minn. 2010) ("The United States Supreme Court has recognized the usefulness and appropriateness in consulting *Black's Law Dictionary* when conducting a plain-language reading of a statute, as have we.").

*Black's Law Dictionary* defines "wage" as "[p]ayment for labor or services, usu[ally] based on time worked or quantity produced; specif[ically], compensation of an employee based on time worked or output of production." *Black's Law Dictionary* 1716 (9th ed. 2009). "Per diem," on the other hand, is defined in relevant part as "[a] monetary daily allowance, usu[ally] to cover expenses." *Black's Law Dictionary* 1251 (9th ed. 2009). The dictionary definition of wage is consistent with the legislature's use of the term

5

"wages" in Minn. Stat. § 181.13(a) to describe a payment for time worked. *See* Minn. Stat. § 181.13(a) ("Wages are actually earned and unpaid if the employee was *not paid for all time worked* at the employee's regular rate of pay or at the rate required by law . . . .") (emphasis added). The dictionary definition is also consistent with an unemployment-insurance statute that defines wages as "all compensation for employment" except "the payment to employees for reimbursement of meal expenses when employees are required to perform work after their regular hours" and "advances or reimbursements for traveling or other bona fide ordinary and necessary expenses incurred or reasonably expected to be incurred in the business of the employer." Minn. Stat. § 268.035, subd. 29(a), (a)(6), (10) (2014).

Moreover, the dictionary definition is consistent with this court's conclusion in *Citizens for Rule of Law v. Senate Comm. on Rules & Admin.*, that an increase in the legislative per diem rate was not an increase of compensation such that it violated article IV, section 9 of the Minnesota Constitution. 770 N.W.2d 169, 176 (Minn. App. 2009); *see* Minn. Const. art. IV, § 9 ("The compensation of senators and representatives shall be prescribed by law. No increase of compensation shall take effect during the period for which the members of the existing house of representatives may have been elected."). In reaching that conclusion, this court relied on *Black's Law Dictionary* and reasoned that the plain meaning of the term compensation is "remuneration and other benefits received in return for services rendered," whereas per diem is defined as a "daily allowance, usually to cover expenses." *Citizens for Rule of Law*, 770 N.W.2d at 176 (quotation omitted).

Even though the legislature has used the term "wages" to describe compensation and this court has previously concluded that a per diem payment is not compensation, Schreader contends that the term "wages" in Minn. Stat. § 181.13(a) includes per diem payments. She notes that according to the IRS, "per diem payments are not part of [an] employee's wages if the payment is equal to or less than the federal per diem rate AND the employer receives an expense report from the employee." Schreader argues that because Summit "did not require nor did [Schreader] ever supply an expense report," the per diem payments she received are wages. However, IRS rules regarding the taxation of per diem payments do not establish the meaning of "wages" under Minn. Stat. § 181.13(a) or provide a reason for this court to ignore the plain meaning of the word. Schreader also argues that the per diem payments are wages because her prior per diem payments from Summit were taxed as wages. She asserts that payroll checks show that taxation. Schreader's argument and assertion are unavailing because there are no payroll checks in the record to support them.

We note that Schreader's contention that the term "wages" in section 181.13(a) includes per diem payments is inconsistent with caselaw stating that when a statute provides for a penalty, the statute must be strictly construed. *See Lee v. Fresenius Med. Care*, *Inc.*, 741 N.W.2d 117, 125-26 (Minn. 2007) (stating the rule in the context of supreme court's interpretation of Minn. Stat. § 181.13(a) and concluding that the statute must be strictly construed); *Kvidera v. Rotation Eng'g & Mfg. Co.*, 705 N.W.2d 416, 422 (Minn. App. 2005) ("Because [Minn. Stat. § 181.13(a)] is penal in nature, it must be strictly construed."). Treating Schreader's per diem payments as "wages" under Minn. Stat. §

7

181.13(a) expands the reach of the statute by going beyond the plain meaning of the words "wages" and "per diem." And in this case, it results in a penalty based on average daily earnings that are disproportionately greater than the unpaid per diem payments.

For these reasons, we reject Schreader's contention that the term "wages" in section § 181.13(a) includes per diem payments. Instead, we apply the common dictionary definition of wages to determine whether the per diem payments in this case are wages within the meaning of section 181.31(a). Unfortunately, the district court's findings regarding the per diem payments are limited to a footnote in its memorandum stating, "[Schreader] testified that she received $30.00 per day in per diem when she was out of town. There was no evidence presented to the contrary." Neither the findings nor the record explain the purpose of the per diem payments. But there are no findings or evidence in the record suggesting that the per diem payments were compensation for time worked or quantity produced. We therefore hold that the per diem payments in this case are not wages within the meaning of Minn. Stat. § 181.13(a) and that their nonpayment does not justify a penalty under Minn. Stat. § 181.13(a).

The district court's imposition of a penalty in the amount of $2,884.62, under section 181.13(a), is reversed. The case is remanded for entry of amended judgment in

the amount of $225, comprised of $150 for the unpaid per diem payments and $75 for court fees incurred, amounts Summit does not challenge.

**Reversed and remanded.**