## LLOYD AND CULVER v. TOWN OF FAIR HAVEN.

### OCTOBER TERM, 1894.

*Taking of land for highways. As of what date damages should be assessed.*

The selectmen took the land of the petitioners for a highway, and made an award of damages. The petitioners applied to the county court for the appointment of commissioners, and subsequently, pending those proceedings, built upon the land taken. *Held,* that they were entitled to damages for the taking of their land in the condition and situation it was at the time of the proceedings before the selectmen.

Petition to the county court for the appointment of commissioners to revise the action of the selectmen in the altering of a highway. Heard upon the report of commissioners and exceptions of the petitioners thereto at the March term, 1894, Rutland county, MUNSON, J., presiding. The court overruled the exceptions, accepted the report, established the highway, and confirmed the award upon the subject of damages. The petitioners except.

The petition averred that the selectmen for the town of

Fair Haven had altered a public highway; that in the making of such alterations the lands of the petitioners were taken; that they were dissatisfied with the action of the selectmen in the making of the alterations, and also with the damages awarded.

The commissioners reported that the highway in question was Main street, in the village of Fair Haven, and that the same had been a public highway for many years. Originally said highway had been laid out six rods wide, but in process of time it had become impossible to determine exactly where the boundaries were, and the owners of lots upon the east side of said highway, which ran nearly north and south, had not professed to erect their buildings upon the line of the street. The point in controversy was between the block of Hughes & Owens upon the north, and Knight upon the south. In 1879 a large part of the buildings between these two blocks were destroyed by fire, and the land owners in erecting their new buildings built them somewhat nearer the street than they had previously been, and substantially upon the line of the Knight block. If the line of this block was extended to Hughes & Owens' block it would strike the south side of the building, about eight feet east of the southwest corner. In 1892 most of the buildings between these two blocks were again destroyed by fire. It seemed desirable to some of the land owners and many of the residents in Fair Haven that the buildings to be erected at this point should conform to a straight line running from the southwest corner of the Hughes & Owens block to the northwest corner of the Knight block. The land owners did not, however, concur in this view, and began the erection of buildings for the most part some six or eight feet farther west upon what they claimed to have been the original east line of the street. Thereupon the selectmen widened the street at that point so that the east line would be a straight line drawn from the

Hughes & Owens block to the Knight block as above indi-cated, and awarded damages, among others, in the sum of twenty-five dollars to the petitioner Culver, and in the sum of one hundred dollars to the petitioner Lloyd.    The pres-ent petition was begun to correct the action of the select-men.

In the decision of the selectmen in widening the street most of the land owners acquiesced, and proceeded to erect their buildings upon the line as thus established.    The peti-tioners, however, proceeded to erect their buildings upon the line which they claimed was the true east line of the street. For the purpose of preventing this the selectmen of Fair Haven began proceedings in chancery, and obtained a tem-porary injunction enjoining the petitioners from erecting their buildings further west than the line as established by the survey of the selectmen ; but upon the answer of the petitioners this injunction was dissolved.

The commissioners found that in view of the use of the street at that point, the alteration made by the selectmen was required by the public necessity and convenience, and that the damages awarded by the selectmen were ample, if they were to be determined with reference to the situation and condition of the property at the time the award was made.

*J. C. Baker* for the petitioners.

The right of the public in the lands taken is not fixed un-til final judgment.    Up to that time the selectmen may, at their option, abandon the whole proceeding.    Therefore, the damages of the land owners should be determined as of that date.    *Stacy* v. *Railroad*, 27 Vt. 39 ; *State* v. *Graves*, 19 Md. 351 ; Dill., Mun. Cor., s. 608 ; Elliott, Streets and Roads, 209, 210.

The land cannot be said to be taken until such final judg-ment, and if it be abandoned before then, no compensation can be recovered.    *Stiles* v. *Middlesex*, 8 Vt. 436 ; *Fox* v.

*Railroad*, 31 Cal. 538; *Taft* v. *Pittsford*, 28 Vt. 286; R. L., ss. 2942, 2943; *In re Railroad*, 4 Hun. 311; *Railroad* v. *Nesbit*, 10 How. 395; *New York* v. *Mopes*, 6 John Ch. 48; *Gas Light Co.* v. *Syracuse*, 78 N. Y. 56; *In re Furman Street*, 17 Wend. 658; *In re Wall Street*, 17 Barb. 639; *Gilman* v. *Tucker*, 128 N. Y. 190; *Ins. Co.* v. *New York*, 134 U. S. 598; *Railroad* v. *Minnesota*, 134 U. S. 418; *Yickwo* v. *Hopkins*, 118 U. S. 356.

*W. H. Preston* for the defendant.

TAFT, J.   The only question in this case relates to the appraisal of damages to land taken for highway purposes, under s. 2940, R. L.   The highway was altered by the selectmen, who appraised the damages, and the petitioners applied to the county court for the appointment of commissioners to rehear the questions passed upon by the selectmen.   It is upon the report of the commissioners that the question before us arises.   After the proceedings before the selectmen and their award of damages, the petitioners built upon their land which had been taken in altering the street, and now claim that damages should be appraised as of the time the commissioners' report is accepted and the final orders made in the county court.   We hold that the petitioners are entitled to such damages only as they sustained by the taking of their land in the condition and situation it was in at the time of the proceedings before the selectmen. When condemnation proceedings are begun, in case it is proposed to take land for a highway, and the selectmen make an award of damages, the land owner thereafter stands very much like a purchaser *pendente lite*.   After the proceedings before the selectmen and appraisal of his damages, the land owner has notice that his land may be taken, in fact that it has already been taken, and that it will remain devoted to the use of the public, unless by petitioning the county court he secures a reversal of

the action of the selectmen, and if he builds upon it during the proceedings it is at his own peril. To permit him to build upon the premises after proceedings are begun, and allow him to recover the value of the buildings thus erected, might make the premises so valuable that the town might not wish, and could not afford, to take the land. There is no injustice in holding that when condemnation proceedings are begun, the premises must remain in *statu quo* until the proceedings are terminated. This rule violates no principle of constitutional law nor legislative provision. The judgment below awarded the petitioners damages in accordance with the principle herein stated, and that

*Judgment is affirmed with the same orders, dating from January 18, 1895.*