GEORGE W. BALLOU, Appellant, v. A. ELDER, *et al.*

**Highways.** A wild plum tree, about three feet high, a cottonwood
1  tree, a small grapevine, a wild currant bush, and a few small
rose bushes do not constitute an orchard or ornamental grounds,
within Code, section 925, providing that highways shall not be
established through such grounds when contiguous to the dwell-
ing house, without the consent of the owner.

**SAME.** Evidence that, after the commencement of the proceedings
2  to establish a highway through plaintiff's land, he planted fruit
trees and garden within the space to be occupied by the highway,
and stated that he did so prevent its establishment, will sup-
port a finding that such improvements were not made in good
faith.

*Appeal from Wright District Court.*—HON. D. R. HIND-
MAN, Judge.

MONDAY, OCTOBER 14, 1895.

Proceedings by *certiorai* to determine the legality
of a highway alleged to have been established through
land of the plaintiff. There was a trial by the court,
which resulted in a judgment in favor of the defendants
for costs. Plaintiff appeals.—*Affirmed.*

*C. M. Nagle* for appellant.

*Ladd & Rogers* for appellees.

Robinson, J.—The plaintiff is the owner of the east
one-half of the northwest one-quarter and the north-
west one-quarter of the northwest one-quarter of sec-
tion 27, in township 92 north, of range 23 west. He
acquired the ownership of the tract last described,
which is known as the "Dalrymple 40," in the year 1891.

His dwelling house and outbuildings are in the north-west part of the eighty-acre tract, near its west boundary line. North and west of these buildings are a grove and fruit trees, and a short distance west of the boundary line, on the Dalrymple 40, are fruit and other trees. In February, 1892, a petition for the establishment of a highway from the northeast corner of the Dalrymple 40, south through the west one-half of section 27, was filed in the office of the county auditor, and other proceedings were had as required by law for the establishing of highways; and in November of the same year the board of supervisors ordered that the highway be established, on condition that the damages should be paid on or before the second day of its next January session. The damages assessed were paid within the time fixed, and on the third of January, 1893, the board made a final order establishing the highway. As established, it extends along the boundary lines between the eighty-acre tract of the plaintiff and his Dalrymple 40. The plaintiff alleges that the highway, as the board of supervisors attempted to establish it, extends through his orchard, garden, and ornamental grounds, contiguous to his dwelling house, and that he has never in any manner consented to or acquiesced in the establishing of the highway where it has been located. The defendants are the members of the board of supervisors and the auditor of Wright county. Their answer contains a general denial, and alleges that the plaintiff waived all objections to the establishment of the highway, and is estopped to question its validity, for the reason that he filed a claim for damages, and did not at any time file objections in writing to the establishing of the highway; that in consequence of the facts stated the defendants were induced to believe, and did believe, that the plaintiff waived all question or right connected with the establishment of the highway, excepting as to the amount of his damages.

I. Section 925 of the Code provides that a highway "must not be established  *   *   *   through  *   *   * any garden, orchard or ornamental ground contiguous to any dwelling house  *   *   *   without the consent of the owner." It is admitted that the board of supervisors had no power to establish a highway through the garden, orchard, or ornamental grounds of the plaintiff, contiguous to his dwelling house, without his consent; but it is denied that the one in question runs through any garden, orchard, or ornamental grounds. The evidence justified the district court in finding the material facts on this branch of the case to be as follows: Groves had been planted on the forty-acre tract on which the dwelling of the plaintiff is located, and on the Dalrymple 40, and also some fruit trees; but the space between the trees on the two tracts, in which there were no trees, was about four rods in width. At one time there was a dwelling house on the Dalrymple 40, and this space was left as a way for the residents on the two tracts to reach their dwelling houses from the highway, which extended along the north sides of the tracts. It was also used by other persons. In the summer of the year 1892 no fruit trees were standing within the limits of the proposed highway, excepting a wild plum tree, about three feet in height. Within these limits were a cottonwood tree, a grapevine four or five feet in length, a wild currant bush, and small rose bushes, growing in the sod. After the proceedings to establish the highway were commenced, the plaintiff planted some fruit trees, and placed his stable, a corncrib, and perhaps a fence, and a part of his garden, within the space the highway would occupy, and stated that he had planted the trees for the purpose of preventing the establishment of the road. All this appears to have been done after the commissioner appointed for the purpose had examined into the expediency of the proposed highway,

and had reported in favor of establishing it. We are of the opinion that the district court was justified in finding that, at the time the commissioner made his examination and report, the highway, if established at that time, would not have extended through any garden, orchard, or ornamental grounds of the plaintiff, contiguous to his dwelling house, within the meaning of the statute, and that the improvements afterwards placed in the proposed highway were not so placed in good faith, for a proper purpose, and that, therefore, they should not be permitted to defeat the establishment of the road. The plaintiff did not file any objection to the establishment of the highway, but filed a claim for damages in the sum of one thousand dollars, on which he was allowed two hundred dollars. Whether the course he pursued amounted to a consent to the establishing of the highway, and whether he is estopped to object to it now, are questions which the conclusion we have announced makes it unnecessary to determine. We are of the opinion that the judgment of the district court should be sustained, and it is *affirmed.*