EVA G. HUBEL, Appellant, v. B. F. McADON, Appellee.

**HIGHWAYS:** Establishment Through Garden, Etc.  A plot of ground
on which are planted a few small grapevines, four or five small
ailanthus trees, a row of rhubarb, and some blackberry bushes, with
cucumbers and melons in close proximity, does not constitute either
a garden, an orchard, or ornamental grounds, within the meaning
of Sec. 1487, Code, 1897, which prohibits the laying out of a high-
way through such named premises.

*Appeal from Harrison District Court.*—THOMAS ARTHUR, Judge.

## JANUARY 11, 1921.

ACTION in equity, to enjoin defendant road superintendent
from opening a highway through plaintiff's land.  Petition dis-
missed at plaintiff's costs.  Plaintiff appeals.—*Affirmed.*

*C. W. Kellogg,* for appellant.

*J. A. Murray,* for appellee.

DE GRAFF, J.—The plaintiff, Eva G. Hubel, is the owner of a
parcel of real estate, through which, by regular and legal pre-
liminary proceedings, the board of supervisors of Harrison
County ordered a road or highway established.  The defendant
herein is the road superintendent for the district in which plain-
tiff's land is situated.  It is the contention of plaintiff that to
permit the defendant to open said highway would be contrary
to the provision of Section 1487 of the Code of 1897.  This sec-
tion, *inter alia,* provides:

"No road shall be established * * * through any garden,
orchard, or ornamental ground contiguous to any dwelling house
* * * without the consent of the owner."

The appeal presents but one question for review:  Was the
land proposed to be taken for road purposes an orchard, garden,
or ornamental ground, within the purview of this statute?

The petition for said highway was filed with the auditor
of said county on the 23d day of April, 1917, and on the 24th

of September, 1917, after notice had been served on this plaintiff, and written objections filed by her, a resolution was passed by the board of supervisors for the establishment of the road, according to the recommendation of the county engineer. It was further ordered by the board in said resolution that damages be awarded and paid to the plaintiff, which was done, and payment thereof was made to the county auditor on behalf of the plaintiff.

In the latter part of March, and during April and May, 1917, this plaintiff planted in the plot of ground through which the highway was proposed, 13 rhubarb plants, 5 or 6 small grapevines, 4 or 5 ailanthus trees, and a row of blackberries,—the latter having been planted subsequently to the filing of the road petition with the county auditor.

On the day the road commissioner was working on the east end of the road, plaintiff's husband constructed a fence around the space proposed to be taken for the highway. Along this fence south of the house, during the preceding two years, cucumbers and some melons had been planted; but plaintiff's husband testifies that "these didn't amount to much." One apple tree was still standing in an old orchard, but not within the plot. There was an elm and a few walnut trees two or three feet south of the north line of the proposed highway, but it was not necessary to remove them, to construct the road. In 1916, the ground in question was in alfalfa, and in 1917, regular field corn had been planted. There was corn on the north line of the proposed highway. The few grapevines were about the height of the grass and foxtail growing there, and were not visible, except by close inspection. The engineer and assistants who staked out the road saw no rhubarb, vines, or shrubs of any kind in the proposed right of way.

The above recitals constitute a complete inventory of the growing things in the space to be taken for road purposes which may reasonably be said to be within the category contemplated and defined by the statute.

Words and phrases shall be construed according to the approved usage of the language. Section 48, Paragraph 2, Code, 1897. Giving the words of the statute (Section 1487) their ordinary meaning, an *orchard* may be defined as a plantation or

inclosure containing fruit trees, such as apples, peaches, cherries, plums or the like; a *garden,* as a piece of ground appropriated to the cultivation of herbs, small fruits, or vegetables; *ornamental,* as serving to ornament, beautify, or embellish; and as applied to *ground,* a space essentially devoted to decorative purposes, as a landscape.

It cannot be said, under the law or under the facts of this case, that a few small grapevines, four or five small ailanthus trees, a row of rhubarb, and some blackberry bushes, with cucumbers and melons planted in close proximity thereto, suffice to make either a garden, orchard, or ornamental ground. Even Mary's garden approaches nearer the test, for therein did grow ''cockleshells, and bright bluebells, and marigolds all in a row.'' Furthermore, it may be admitted that a good Iowa cornfield is an ornament to any farm, but it is not within the statutory definition of ''ornamental ground.''

The statute in question was construed by this court in the case of *Ballou v. Elder,* 95 Iowa 693; and, in effect, it was held that a wild plum tree, about three feet high, an ailanthus tree, a small grapevine, a currant bush, and a few small rosebushes did not constitute an orchard, garden, or ornamental ground.

The evidence in the present record clearly justified the district court in its finding. The decree entered should be sustained, and it is—*Affirmed.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.