JOHN DEXNER v. JAMES G. HOUGHTON, AS BUILDING INSPECTOR OF CITY OF MINNEAPOLIS.[1]

October 20, 1922.

No. 23,051.

**Mandamus—writ may be refused within sound judicial discretion.**

1. The proceeding by mandamus has lost its original prerogative character and has become a civil action in which, upon a proper showing, the writ ordinarily issues as a matter of right, but it is still a discretionary writ insofar that it may be refused if sound judicial discretion bespeaks that course.

**Change of circumstances between application and hearing.**

2. The right to the writ may be affected by circumstances occurring between the date of the application for it and the date of hearing, and if, at the time of the hearing, no legal purpose would be subserved by granting the writ, it should be refused.

**Alternative writ to compel issue of building permit within restricted district quashed.**

3. In the exercise of sound judicial discretion, the court properly quashed an alternative writ of mandamus issued to compel the building inspector of the city of Minneapolis to issue a permit for the erection of an apartment house in a district which the city council had designated as a restricted residential district, it appearing that proceedings had been instituted to ascertain and award damages to property owners who would be injured by the creation of the district.

[1]Reported in 190 N. W. 179.

Upon the relation of John Dexner the district court for Hennepin county granted its alternative writ of mandamus commanding James G. Houghton, as building inspector of the city of Minneapolis, to issue or cause to be issued to relator a building permit allowing the erection by him of a certain building. The matter was heard before Bardwell, J., who denied plaintiff's motion for judgment on the pleadings and granted defendant's motion to quash the writ. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Josiah E. Brill,* for appellant.

*Neil M. Cronin* and *R. S. Wiggin,* for respondent.


LEES, C.

On February 2, 1922, appellant obtained an alternative writ of mandamus to compel the respondent to issue a permit for the erection of a large apartment house, or show cause why he had not done so. At the hearing, had on February 20, appellant moved for judgment on the pleadings and respondent countered with a motion to quash the alternative writ. Appellant's motion was denied and respondent's granted. This appeal is from the judgment quashing the writ. An abridged statement of the facts disclosed by the pleadings follows:

Appellant is the vendee in a contract for the sale of four lots in the city of Minneapolis. Respondent is the building inspector of that city. On February 1, 1922, appellant duly applied for a permit to erect a three-story apartment house on the lots. The application was denied solely because respondent had been notified of the adoption by the city council, on January 20, 1922, of a motion directing him not to issue a permit for the construction of any apartment house or like structure where appellant's lots were located until a petition, then in circulation, to establish a restricted residential district in that locality had been acted upon by the council. On February 17, 1922, the council duly designated and established the district and proceedings were instituted to award damages and assess benefits under the provisions of chapter 128, p. 180, Laws 1915.

Upon this state of facts the court refused to issue a peremptory writ and quashed the alternative writ.

Appellant contends that the district had not been established on February 1, and hence he was entitled to the permit as a matter of strict legal right and to a writ of mandamus to compel respondent to issue it. On the other hand, respondent contends that it was within the discretion of the court to grant or withhold the writ, and that the facts justified the court's action.

The proceeding by mandamus has lost its original prerogative character and has become a civil action in which, upon a proper showing, the writ ordinarily issues as a matter of course. Lauritsen v. Seward, 99 Minn. 313, 109 N. W. 404; Merrill, Mandamus, § 62; 18 R. C. L. p. 89; 26 Cyc. 143. But this does not mean that a court may never refuse the writ where a prima facie right to it is shown. In line with the general current of authority, this court has held that the writ will not be issued when it would be of no avail, State v. Archibald, 43 Minn. 328, 45 N. W. 606; or when it is sought to compel the performance of an act having an illegal object in view, State v. Hill, 32 Minn. 275, 20 N. W. 196; or to compel a technical compliance with the letter of the law which would be contrary to the spirit of the law, State v. U. S. Exp. Co. 95 Minn. 442, 104 N. W. 556. The consensus of opinion is that the writ still remains a discretionary writ and should be refused if sound judicial discretion bespeaks that course. In saying that in a proper case the writ issues as a matter of course, no more is meant than this: It may not be refused arbitrarily or capriciously, but only in the exercise of discretion, guided by law and reason. State v. U. S. Exp. Co. supra; Duncan Townsite Co. v. Lane, 245 U. S. 308, 38 Sup. Ct. 99, 62 L. ed. 309; People v. Interurban Ry. Co. 177 N. Y. 296, 69 N. E. 596; State v. Kansas City Gas Co. 254 Mo. 515, 163 S. W. 854; Merrill, Mandamus, § 62; 18 R. C. L. p. 137.

In the case at bar the court's discretion was properly influenced by the fact that the restricted district had been established before the hearing took place. Appellant's right to the writ might be affected by a circumstance occurring after it was sued out and before the hearing was had. Thompson v. United States, 103 U. S.

480, 26 L. ed. 521; Cutcomp v. Utt, 60 Iowa, 156, 14 N. W. 214; State v. Weeks, 93 Mo. 499, 6 S. W. 266; State v. Polk County, 88 Wis. 355, 60 N. W. 266; Messenger v. Kingsbury, 158 Cal. 611, 112 Pac. 65; High, Ex. Leg. Rem. § 475; Merrill, Mandamus, § 77.

Unless, at the time of the hearing, the writ would subserve a legal purpose, appellant was not entitled to have it issued. To ascertain whether such a purpose would be subserved, we turn to chapter 128, p. 180, Laws 1915. Its provisions were set forth and some of them considered in State v. Houghton, 144 Minn. 1, 174 N. W. 885, 176 N. W. 159, 8 A. L. R. 585, but it was not decided when a district is created within the meaning of the act. If its existence begins when the council adopts a resolution designating the territory to be included, the court was clearly right in quashing the writ, for it would have been an idle thing to compel respondent to issue a permit for the building of an apartment house which could not lawfully be used for the purpose for which it was erected. The proceedings initiated by the petition were not completed on February 17, for it was still necessary to have damages and benefits ascertained and the one awarded and the other assessed in accordance with the provisions of the act. Appellant's property could not be taken or damaged for a public use without just compensation therefor being first paid or secured, and, for the purpose of the argument, we will assume that to deprive him of the right to erect the building while the proceedings were pending would injure property rights he possessed.

There is uncertainty with respect to the period which must necessarily elapse between the commencement and termination of all condemnation proceedings. There is also uncertainty as to the final outcome, for at the last moment the proceedings may be dismissed or abandoned. Theoretically, the taking of property and the payment of compensation should be concurrent and the whole process begun and completed in a day. Practically, that is impossible. It has been said that somewhere in the course of the proceedings a point of time must be fixed upon, with reference to which the damages shall be assessed and to which the title shall relate, and that up to that point of time the owner may put improvements

upon his property and recover their value, but after that point of time improvements will be made at the risk of being taken without compensation. 2 Lewis, Em. Dom. § 962. Under the doctrine stated, appellant, if he had a permit, might begin to build and the appraisers would have to take into account the value added to the lots up to the time of the award of damages, provided the improvement was begun in good faith and not for the sole purpose of enhancing damages. Sherwood v. St. Paul & C. Ry. Co. 21 Minn. 122, 126.

It is unnecessary to determine whether the doctrine is sound or not, for the question of damages is not before us. But the fact remains that, if the court granted the writ, a situation would arise where, under any rule of damages, it might be possible for the appellant to increase the amount of the award, to the detriment of the public without real advantage to himself. Moreover, the very purpose of the proceedings would be wholly defeated if the appellant could command the aid of the court to obtain the permit and was able to begin and could finish the building before the proceedings were completed, for, if appellant's position is sustained, the building would not then have been erected after the district was created within the meaning of section 1, and hence could not be abated under section 6 of the act. There is an analogy in a line of cases in states where the taking of a dwelling house in proceedings to establish a highway or construct a railroad is prohibited by statute. It is held that, if there was no dwelling house on the property when the owner received notice of the proceedings to acquire his land, he cannot defeat the right of the public to appropriate the property by placing a house on the line of the proposed way. Ballou v. Elder, 95 Iowa, 693, 64 N. W. 622; Lloyd & Culver v. Fair Haven, 67 Vt. 167, 31 Atl. 164; Elliott, Roads & Streets, § 435; note 1916A, L. R. A. 1097.

It is urged that appellant will have no redress for losses caused by the temporary interference with his property rights, if the proceedings are finally abandoned. This is not a sufficient reason for a reversal of the judgment. The weight of authority is to the effect that, in the absence of some statutory provision to the contrary, if

condemnation proceedings are begun in good faith, conducted without unnecessary delay, and finally discontinued in good faith, unless actual possession was taken while the proceedings were pending, the damage incidentally resulting to the owner of the property cannot be recovered. Martin v. Mayor of Brooklyn, 1 Hill (N. Y.) 545; Pittsburgh's Petition, 243 Pa. 392, 90 Atl. 329; Carson v. City of Hartford, 48 Conn. 68; Winkelman v. Chicago, 213 Ill. 360, 72 N. E. 1066; Simpson v. Kansas City, 111 Mo. 237, 20 S. W. 38; Ford v. Board of Park Commrs. 148 Iowa, 1, 126 N. W. 1030, Am. Cas. 1912B, 940; Feiten v. Milwaukee, 47 Wis. 494; Kanakanui v. United States, 244 Fed. 923, 157 C. C. A. 273. The decisions of this court are to the same effect. Bergman v. St. Paul, S. & T. F. R. Co. 21 Minn. 533; McRostie v. City of Owatonna, 152 Minn. 63, 188 N. W. 52.

"Private property is held subject to the control of the sovereign power of the state, exercised through the legislature, for public uses; and the landowner's rights and interests are subordinate to this authority, and he must necessarily submit to the inconvenience and delays incident to the proper proceedings instituted to ascertain the price to be paid or compensation to be made for the property compulsorily taken from him."

State Park Commrs. v. Henry, 38 Minn. 266, 36 N. W. 874.

Temporarily to deprive appellant of the right to build the structure, when the direct aim of the proceedings is to take from him that very right, is at most a technical rather than a substantial invasion of his property rights, and ought not to deprive a court of all discretion in the matter of granting a writ of mandamus.

We hold that when the council adopted the resolution designating and establishing the district, and was taking the steps which must be taken to ascertain the compensation to injured property owners, the court might properly refuse a writ of mandamus to compel the issuance of the building permit during the pendency of condemnation proceedings.

The judgment is affirmed.