McGuire, Robinson, Gresser & Robinson, Barbara Fetzer, Julius Steinitz, John M. O'Neill, Edwin H. Gibbons, Catherine Gibbons, Patrick B. Healy, Claude Geer, Frank Broenner, Antoinette Broenner, William I. Lehman and Emma Lehrach, Respondents.*— Order confirming report of referee modified by reducing the referee's fee to $1,000, and as so modified unanimously affirmed, with costs to respondents. Order denying motion for appointment of referee *de novo* unanimously affirmed. No opinion. Present — Lazansky, P. J., Rich, Young, Kapper and Hagarty, JJ.

George W. Rockline, Samuel L. Crossing, William T. Horn and James C. White, Copartners Trading as W. T. Horn & Co., Respondents, v. Oscar L. Richard and Others, Defendants, and Thomas P. McKenna, Appellant.†— Judgment, and order in so far as appealed from, affirmed, with costs. No opinion. Lazansky, P. J., Rich, Young and Scudder, JJ., concur; Hagarty, J., dissents upon the ground that the admission of the cablegram in evidence constitutes reversible error, and upon the further ground that the verdict is against the weight of the evidence.

Ward C. Rogers, Respondent, v. The New York, New Haven and Hartford Railroad Company and Central New England Railway Company, Appellants. (Action No. 1.) — Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Kapper and Seeger, JJ.

Warren F. Rollins, Doing Business under the Firm Name of Rollins Bros., Respondent, v. James W. Armstrong, Individually and as Superintendent of Buildings of the City of Yonkers, Appellant.‡— Peremptory mandamus order reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with costs. Respondent proposes to erect upon his lot a building with the entrance wall facing the rear of the lot and the opposite or rear wall facing the street. He also proposes to make such wall facing the street thirteen feet higher than the Zoning Ordinance permits the " front " wall of a building in that district to be, although the wall of the entrance side, facing the rear of the lot, is within the permitted height. The height of the building must be measured from the street side of the building. A permit to erect a building to be constructed as planned violates the Zoning Ordinance and may be revoked by appellant. (Building Code of the City of Yonkers, art. I, § 4, subd. 7.) The permit having been illegally granted, no vested right of respondent has been violated. Lazansky, P. J., Hagarty, Seeger, Carswell and Scudder, JJ., concur.

Michael Seltzer, Respondent, v. Indemnity Insurance Company of North America, Appellant.— Judgment affirmed, with costs. No opinion. Rich, Young and Scudder, JJ., concur. Lazansky, P. J., and Hagarty, J., dissent, being of opinion that there was a question of fact to be determined by the jury as to whether or not the assured co-operated with defendant in the defense of the case.

Ruth Seltzer, an Infant, by Michael Seltzer, Her Guardian ad Litem, Respondent, v. Indemnity Insurance Company of North America, Appellant. — Judgment affirmed, with costs. No opinion. Rich, Young and Scudder, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent, being of opinion that there was a question of fact to be determined by the jury as to whether or not the assured co-operated with defendant in the defense of the case.

Fezon S. Shannon, Respondent, v. Heyward H. Shannon, Appellant.— Judgment affirmed, with costs. No opinion. Rich, Young, Carswell and Scudder,

* Revd., 251 N. Y. 351.   † Revd., 251 N. Y. 321.   ‡ Affd., 251 N. Y. 349.