■ In the Matter of VILLAGE GREEN CENTER, INC., Respondent, v. DANIEL J. REIDY, as Mayor of the Village of Ardsley, et al., Appellants.— In a proceeding under article 78 of the former Civil Practice Act, to annul a determination of the Zoning Board of Appeals of the Village of Ardsley, which voided a building permit previously issued to the petitioner, the village officials appeal from a final order of the Supreme Court, Westchester County, entered April 22, 1963 upon the court's decision and opinion, which annulled the board's determination on procedural and substantive grounds, and which remitted the proceeding to the board for a certain limited purpose, to wit: to determine whether the proposed structure itself complies with the front yard requirements of the existing local zoning ordinance. Order modified as follows: (a) by striking out the paragraph declaring that the board's determination, "dated December 12, 1962 and filed with the Village Clerk on January 16, 1963 is not supported by any authority for the same"; and (b) by striking out the last decretal paragraph remitting the proceeding to the board for the limited purpose stated. As so modified, order affirmed, without costs, and matter remitted to the board for such further action and proceedings, not inconsistent herewith, as it may deem advisable. We agree with Special Term's conclusion that the board's determination was invalid because of procedural defects. But we do not agree that the board lacked authority to make the determination or that the determination was invalid on substantive grounds. In our opinion, the board was authorized to make the determination, and it properly determined that the building permit was invalid because it allowed the construction of a building which would create a violation on another building upon the same lot. We also believe that the board had the right to find, as a fact, that the front line of said other building was on the side facing Saw Mill River Road (cf. *Rollins* v. *Armstrong,* 226 App. Div. 687, affd. 251 N. Y. 349; *Adams* v. *Howell,* 58 Misc. 435; *Building Inspector* v. *McInerney,* 47 Wyo. 258; *Rhinehard* v. *Leitch,* 107 Conn. 400; *Turney* v. *Shriver,* 269 Ill. 164; *Staley* v. *Mears,* 13 Ill. App. 2d 451; *State ex rel. Gulf Refining Co.* v. *De France,* 89 Ohio App. 1). Despite our conclusion that the board's determination was proper insofar as the merits

are concerned, we cannot reinstate the determination because of the procedurally defective manner in which it was made. Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Hopkins, JJ., concur.