Bernard S. Meyer, J.
In this declaratory judgment action plaintiffs, the owner and contract vendee of the subject parcel, move for summary judgment. The parcel is divided by the district line, so that the forward position is in the Apartment B zone and may be used for multiple dwelling but not single family use, and the rear portion (landlocked except by entry through the forward portion) is in Residence A zone and may be used for single family or park use only (it being assumed, as defendant seems to concede, that none of the other Residence A uses are feasible).
Plaintiff’s motion is predicated on two contentions: (1) the access required through the Apartment B portion to a house on the Residence A portion would make impossible use of the Apartment B portion for apartments, and in any event a house on the Residence A portion would be unsalable, (2) a park could be used only in conjunction with the multiple dwelling in the Apartment B portion, but if the park were accessory to a multiple dwelling use it would be an improper use of Residence A zoned land. The latter contention is based on the holding in City of Yonkers v. Rentways (304 N. Y. 499) that a zoning ordinance may prohibit use of residentially zoned land as access to a business structure on an adjoining lot. This, it is argued, defendant’s ordinance does as to plaintiffs’ property, and this, under the rule of Matter of Clark v. Board of Zoning Appeals (301 N. Y. 86) the Board of Appeals may not vary. The fallacy in the argument is that, unlike the commercial access use *436 involved in the Rentways case, park use is a permitted use in a Residence A zone and the fact that the park will be accessory to the apartment house does not make it any the less a permitted use. No variance is required for park use, therefore, unless a building of some sort is to be erected in the park. In the latter event the requirement of street frontage under section 3 of article III of the ordinance would have to be waived. That, however, would be in the nature of an area variance, to which the rule of Matter of Clark v. Board of Zoning Appeals (supra) is, in a case such as this, not applicable (Matter of Hoffman v. Harris, 17 N Y 2d 138, 145). Since plaintiffs’ second argument is not valid, it is unnecessary to consider whether triable issues exist as to the first. Plaintiffs ’ motion is denied.
Defendant’s answering papers ask that summary judgment be granted defendant because plaintiffs have failed to exhaust their administrative remedies, which include a possible 25-foot extension of the Apartment B zoning under section 3(e) of article X of the Ordinance. Defendant made no cross motion, however, and the granting of summary judgment to defendant is, therefore, discretionary (compare the last sentence of CPLR 3212 [subd. (b)] with the third sentence of that subdivision). Plaintiffs served no reply affidavits and their moving papers do not fully meet the thrust of defendant’s argument. Nonetheless, the court will not grant summary judgment to defendant, for on the trial plaintiffs may well be able to bring themselves within the rule of Howsey v. Village of Kensington (257 N. Y. 221), that application for a variance is not a condition to a declaration of unconstitutionality as to an ordinance which' destroys the greater part of the value of the property by precluding use for which it is reasonably adapted (see Vernon Park Realty v. City of Mount Vernon, 307 N. Y. 493 and note, at p. 499, the use of the phrase “ precludes the use for which it is most readily adapted” [emphasis supplied]); Chusud Realty Corp. v. Village of Kensington, 22 A D 2d 895, 897). At basic issue in this action is whether plaintiffs may be required to use the Residence A portion as a park accessory to the Apartment B portion while at the same túne being prevented from counting the Residence A portion of the purpose of the 35% land coverage limitation which determines the number of units that the multiple dwelling can contain. If plaintiffs can prove that, assuming that they will be granted a 25-foot extension of the Apartment B zoning, the 52-foot Residence A portion would be so greatly reduced in value if it is limited to accessory park use as to amount to confiscation within the rule of the Howsey ease, *437 they will be entitled to judgment. Whether they can prove such reduction is a matter of expert opinion, and would not be decided on affidavits even if plaintiffs’ expert’s affidavit had fully met the defendant’s argument. The issue is a subtle one which should be decided only after trial.